NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA

COURT OF APPEAL, THIRD CIRCUIT

21-676

STATE OF LOUISIANA

VERSUS

FRIN WAYNE COWARD

\*\*\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
FOURTEENTH JUDICIAL DISTRICT COURT
PARISH OF CALCASIEU, NO. 13147-17
HONORABLE DERRICK D. KEE, DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*\*\*
**CANDYCE G. PERRET**
**JUDGE**
\*\*\*\*\*\*\*\*\*\*\*\*

Court composed of Candyce G. Perret, Jonathan W. Perry, and Sharon Darville Wilson, Judges.

**APPEAL DISMISSED.**

**Stephen C. Dwight**
**District Attorney - 14th Judicial District**
**P.O. Box 3206**
**Lake Charles, LA 70601**
**(337) 437-3400**
**COUNSEL FOR APPELLEE:**
        **State of Louisiana**

**Chad M. Ikerd**
**Attorney at Law**
**P.O. Box 2125**
**Lafayette, LA 70502-2125**
**(225) 806-2930**
**COUNSEL FOR APPELLANT:**
        **Frin Wayne Coward**

**Perret, Judge.**

On February 24, 2018, Defendant-Appellant, Frin Wayne Coward, was convicted of second degree murder, a violation of La.R.S. 14:30.1. On appeal, this court affirmed Defendant-Appellant's conviction of second degree murder but found the case must be remanded for sentencing as the trial court had never actually imposed a sentence. *State v. Coward*, 18-951 (La.App. 3 Cir. 6/5/19) (unpublished opinion). On July 11, 2019, the trial court sentenced Defendant-Appellant to life imprisonment at hard labor without benefit of probation, parole, or suspension of sentence. In Defendant-Appellant's second appeal, this court affirmed his life sentence but ordered the trial court to correct the sentencing minutes to accurately reflect the imposition of "life" imprisonment rather than "live" imprisonment. *State v. Coward*, 19-869 (La.App. 3 Cir. 5/20/20), 298 So.3d 260, *writ denied*, 20-769 (La. 10/14/20), 302 So.3d 1123.[1]

Because the original sentencing judge no longer heard criminal cases, the case was randomly allotted to a new sentencing judge upon remand. Believing the correction should be made in Defendant-Appellant's presence, the trial judge held a hearing on February 3, 2021, with Defendant-Appellant attending via simultaneous audio-visual transmission. The trial judge acknowledged that nothing substantive would be done to the sentence and that the only change would be a technical change:

> It is the Court's position that this matter was remanded only for the limited purposes of determining, or correcting the word "live" or "live," and making that word - - making the minutes reflect the word "Life imprisonment." And, for that reason, that is the ruling and order of the Court.

---

[1] Judge Conery dissented, finding the case should be remanded for resentencing and the trial court instructed to consider the sentencing guidelines of La.Code Crim.P. art. 894.1 and instructed to make factual findings based on all of the evidence in the record. *Coward*, 298 So.3d 260 (Conery, J., dissenting).

Believing the trial court actually resentenced Defendant-Appellant, defense counsel filed a motion to reconsider sentence, which was denied on April 13, 2021, and a motion for appeal, which was granted on June 8, 2021. The appeal was lodged in this court on October 20, 2021. On November 17, 2021, this court received Defendant-Appellant's brief. In the "Jurisdiction" section of his brief, appellate counsel states that since the trial court's only action was ministerial and not substantive, he did not believe an appealable issue exists in this case. Despite his belief that there is no appealable issue, appellate counsel assigns error as to the trial court's failure to consider a downward departure at the "resentencing."

On November 24, 2021, this court issued a rule to show cause why the appeal should not be dismissed as the judgment at issue is not an appealable judgment. La.Code Crim.P. art. 912. On December 1, 2021, Defendant-Appellant's counsel submitted a letter to this court, stating that he would like the argument in the jurisdictional section of his original brief to serve as his answer to this court's rule to show cause order.

We agree with Defendant-Appellant's counsel that no appealable issue exists since the trial court's only action was a ministerial correction of the sentencing minutes and not a substantive change to Defendant-Appellant's sentence. The trial court's ministerial correction of the sentencing minutes did not constitute a judgment which imposes sentence. *See* La.Code Crim.P. art. 912(C)(1). Accordingly, we hereby dismiss Defendant-Appellant's appeal.

**APPEAL DISMISSED.**